NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2277
_____

HUGO ARISTOTELES CASTELLANOS MONZON,

Appellant

v.

INGRID FABIOLA DE LA ROCA

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(Case No. 3:16-cv-00058)
District Judge: Hon. Freda L. Wolfson
_____

Argued March 6, 2018
_____

Before: MCKEE, AMBRO, and RESTREPO, *Circuit Judges*

(Filed: July 18, 2018)



John M. Boehler, Esq. [ARGUED]
Rutgers Law Associates
123 Washington Street
Suite 203
Newark, NJ 07102

Bruce Matez, Esq.
Borger Matez
1415 Route 70 East
Suite 305
Cherry Hill, NJ 08034

       *Counsel for Appellant*

Mira E. Baylson, Esq.
Dorothy A. Hickok, Esq.
Mark D. Taticchi, Esq.  [ARGUED]
Drinker Biddle & Reath
One Logan Square
Suite 2000
Philadelphia, PA 19103

James C. Jones, Esq.
Drinker Biddle & Reath
105 College Road East
P.O. Box 627, Suite 300
Princeton, NJ 08542

       *Counsel for Appellee*

_____

OPINION[*]
_____

McKEE, *Circuit Judge*.

Hugo Castellanos Monzón ("Castellanos") appeals the denial of his petition for the return of his child, H.C., to Guatemala pursuant to the Hague Convention on the Civil Aspects of International Child Abduction (the "Convention")[1] and the International Child

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Oct. 25, 1980, T.I.A.S. No. 11670, 22514 U.N.T.S. 98.

Abduction Remedies Act (ICARA), as codified at 22 U.S.C. §§ 9001-9008, 9010-9011.

Both the Convention[2] and ICARA[3] mandate the return of a child to its custodial parent

when the other parent wrongfully removes or retains a child in violation of the requesting

parent's custody rights, subject to certain exceptions.[4]

Castellanos filed his petition with the District Court in 2016, eighteen months after

his ex-wife, appellee Ingrid De La Roca, was alleged to have wrongfully removed H.C. to

the U.S. without Castellanos's consent.[5]

We appreciate that Castellanos took immediate steps to have H.C. returned by

seeking redress from the Guatemalan Central Authority and the U.S. State Department.

However, the unambiguous text of ICARA required him to initiate a "proceeding" in

"any court which has jurisdiction of such action,"[6] and we are powerless to stretch that

---

[2] Article 1 of the Convention sets forth two primary objectives: "(a) to secure the prompt return of children wrongfully removed to or retained in any Contracting State; and (b) to ensure that rights of custody and of access under the law of one Contracting State are effectively respected in the other Contracting States." *Karpenko v. Leendertz*, 619 F.3d 259, 263 (3d Cir. 2010) (quoting Convention, art. 1).

[3] ICARA serves in the United States as the implementing statute for the Convention.

[4] *Feder v. Evans-Feder*, 63 F.3d 217, 221 (3d Cir. 1995).

[5] ICARA requires that a petitioner in an action for return of the child establish by a preponderance of the evidence that "the child has been wrongfully removed or retained within the meaning of the Convention." 22 U.S.C. § 9003(e)(1)(A). In particular, a court must determine "(1) when the removal or retention took place; (2) the child's habitual residence immediately prior to such removal or retention; (3) whether the removal or retention breached the petitioner's custody rights under the law of the child's habitual residence; and (4) whether the petitioner was exercising his or her custody rights at the time of removal or retention." *Karpenko*, 619 F.3d at 263 (quoting *Yang v. Tsui*, 499 F.3d 259, 270-71 (3d Cir. 2007) (internal quotation marks omitted). Here, the District Court found that Castellanos had established a *prima facie* case of wrongful removal and/or retention.

[6] § 9003(b), (f)(3).

text to include either the Guatemalan Central Authority or the U.S. State Department. Accordingly, Castellanos failed to commence proceedings within one year of the date of H.C.'s wrongful removal, and the District Court correctly applied the relevant statutory provisions for when proceedings are initiated more than a year after a child is removed from the requesting parent.[7]

When proceedings for a petition for the return of a child begin more than one year from the child's removal, the Convention states that the court "shall order the return of the child," subject to specific affirmative defenses set forth in § 9003(e). De La Roca, as respondent to Castellanos's petition, had to establish those defenses according to the burdens of proof specified in subsection (e)(2) of that statute.

More specifically, in order to defeat Castellanos's petition for the return of H.C., the statute clearly states that De La Roca had to establish "one of the exceptions set forth in article 13b or 20 of the Convention" "by clear and convincing evidence . . . *and*"[8] that she must establish "any other exception set forth in article 12 or 13 of the Convention" "by a preponderance of the evidence."[9]

Here, the District Court concluded that De La Roca had established by a preponderance of the evidence that H.C. was "now settled in the United States," one of

---

[7] Where a court determines a child to have been wrongfully removed, Article 12 of the Convention provides that the child is to be returned "forthwith," as long as the proceedings have been "commenced" before the "judicial or administrative authority of the Contracting State where the child is" less than one year before the date of wrongful removal. Convention, art. 12.

[8] § 9003(e)(2)(A)(emphasis added).

[9] § 9003(e)(2)(B).

4

the exceptions set forth in Article 12 of the Convention, and that H.C. therefore should not be returned to his father in Guatemala. However, the District Court's inquiry ended there. The court did not address whether De La Roca had established, by clear and convincing evidence, "one of the exceptions set forth in article 13b or 20 of the Convention," as required by § 9003(e)(2)(A).

In arguing that we should affirm the District Court's order in De La Roca's favor, her counsel argues that Congress intended that the requirements contained in subsections (e)(2)(A) and (e)(2)(B) be interpreted in the disjunctive. However, until instructed to the contrary by Congress or the Supreme Court, we must assume that "and" in the statute means "and," not "or."

Accordingly, we will remand this matter to the District Court with instructions to conduct both parts of the inquiry set forth in § 9003(e)(2) and that De La Roca be required to establish the exceptions provided in that statute pursuant to the respective levels of proof.